## JACKSON, ex dem. GORMAN, against HOOKER.

Affidavit, upon which to found an order for the examination of a witness de bene esse, pursuant to the act to perpetuate the testimony of witnesses, in certain cases, (sess. 36, ch. 31, 1 R. L. 455.)

ONONDAGA County, ss. J. M. Hooker, of the town of T. in the county of Cortland, the defendant, in the above entitled suit, being duly sworn, deposeth and saith, that the said cause affects the title of lot No. 94, in the township of Fabius, now town of Truxton, in the county of Cortland ; and that this deponent is the defendant in the said suit, and interested in the said lands ; and that Elizabeth Coston, of the town of Winfield, in the county of Herkimer, in this state, widow, is a material witness, and necessary in the defence of the said suit, as this deponent is advised by his counsel, and verily believes to be true.

J. M. H.

Sworn, this 3d day of Sept. 1823,
before me, Nehemiah H. Earll, first
Judge of Onondaga Common Pleas,
Counsellor, &c.

Order for notice thereupon, that the witness will be examined, made pursuant thereto, and the act to amend the same. (Vid. sess. 38, ch. 150.)

The above defendant, having applied to me for the examination of Elizabeth Coston, of the town of Winfield, in the county of Herkimer, as a witness on his behalf, in the above cause, according to the statute to perpetuate the testimony of witnesses in certain cases, and having made such oath as is required by the said statute, let notice, therefore, be given to the above plaintiff, or his attorney, that, at the house of J. G. in the town of Winfield, in the county of Herkimer, on the 19th day of Sept. inst. at 10 o'clock in the forenoon, the said Elizabeth Coston will be examined, de bene

*case*, before *Townsend Ross*, one of the Judges of the Court of Common Pleas, in and for the county of *Cortland*, Counsellor, &c.

*Nehemiah H. Earll*, first Judge of *Onondaga* Common Pleas, Counsellor, &c.

Sir—Take notice, that, in pursuance of an order this day made by the Hon. *Nehemiah H. Earll*, first Judge of the Court of Common Pleas, in and for the county of *Ononda-ga*, a Counsellor of the Supreme Court, &c. *Elizabeth Cos-ton*, of the town of *Winfield*, in the county of *Herkimer*, widow, will, on the 19*th* day of *September*, inst. at 10 o'clock in the forenoon, at the house of *J. G.* in the said town and county, be examined, *de bene esse*, as a witness for the above defendant, according to the statute to perpet-uate the testimony of witnesses in certain cases, before the Hon. *Townsend Ross*, one of the Judges of the Court of Common Pleas, in and for the county of *Cortland*, a Coun-sellor of the Supreme Court, &c. Dated *Sept.* 3, 1823.

Your's, &c.

*S. Forman*, defendant's att'y.

*David Woods*, Esq.
plaintiff's att'y.

Mr. *Woods* appeared at the day and place mentioned in the notice, being about 20 miles distant from his residence, but no one attended on the part of the defendant, and the witness was not examined.

*J. A. Spencer*, now moved for a rule, that the defendant pay such costs as the plaintiff should be legally or equitably entitled to, for such attendance.

*H. B. Davis*, contra, said, that no costs being allowed by the statute, none could be taxed.

*Curia.* The statute under which this proceeding took place, says nothing about the costs. The plaintiff's attor-ney is not, therefore, entitled to any compensation for his services, unless the case is embraced by the general provis-ion in the act regulating fees for "attendance on examining

**[Margin note:]** Notice thereupon. Where the party receiving a notice of examination under this statute, attends accordingly, but no one comes to examine on the other side, and, consequently, no examination takes place, the court will not order the costs of attendance to be paid, on motion. The statute makes no provision for the costs; And, if allowable by the general provisions of the act regulating fees, they are properly taxable in the final bill.

ALBANY,
October, 1823.

a witness out of Court."(a)   If so, the item is properly tax-
able in the final bill.

Motion denied, with costs.

